

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBCO, INC. | CIVIL ACTION NO. |
| VERSUS | JUDGE  **07-8404** |
| THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT | MAGISTRATE |

**SECT. F MAG. 1**

## NOTICE OF REMOVAL

Defendant, Travelers Indemnity Company of Connecticut (hereinafter "Travelers"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this action to Federal Court for the Eastern District of Louisiana. In support of removal, Travelers respectfully asserts the following:

1.

On August 29, 2007, plaintiff filed its Original Petition for Damages entitled, "*Robco, Inc. versus The Travelers Indemnity Company of Connecticut*," bearing suit number 2007-14387, currently pending in the Twenty-Second Judicial District Court for the Parish of St. Tammany, State of Louisiana, Division "J." Copies of the state court record, including plaintiff's Original Petition for Damages, are attached *in globo* as Exhibit "A."

2.

Plaintiff served defendant, Travelers, through the Louisiana Secretary of State on October 4, 2007. Defendant's agent for service of process, Corporation Service Company, accepted service from the Louisiana Secretary of State on October 9, 2007. (See Exhibit "B") Thus, the instant notice

of removal is timely filed in accordance and pursuant to the time delays set forth in 28 U.S.C. § 1446.

3.

The instant case is removable pursuant to this Court's diversity jurisdiction, 28 U.S.C. § 1332, because plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### I. DIVERSITY JURISDICTION

#### A. Complete Diversity

4.

Defendant, Travelers, has its principal place of business and is incorporated in the State of Connecticut. Therefore, Travelers is a citizen of the State of Connecticut for purposes of diversity jurisdiction.

5.

Upon information and belief, Robco, Inc. is a Louisiana Corporation with its principal place of business in St. Tammany Parish, State of Louisiana. Therefore, plaintiff is a citizen of Louisiana for purposes of diversity jurisdiction.

#### B. Amount In Controversy

6.

In addition to complete diversity, defendant submits that the amount in controversy exceeds $75,000.00 exclusive of interests and costs at the time plaintiff filed suit.

7.

In the Original Petition for Damages, plaintiff alleges to have sustained property damages as a result of Hurricane Katrina in the amount of Seventy-Eight Thousand Four Hundred Twenty-Four and 07/100 Dollars ( $78,424.07 ).[1] Plaintiff alleges that Travelers has failed to make any payments to satisfy the claim.[2] Plaintiff also asserts an action for "bad faith" pursuant to La. R.S. § 22:1220 and § 22:658.[3]

8.

As a result, the jurisdictional amount in controversy can be expected by a preponderance of the evidence to exceed the sum or value of $75,000.00, exclusive of interests and costs.[4]

9.

The District Court for the Eastern District of Louisiana has original jurisdiction under 28 U.S.C. § 1332, based on the diversity of citizenship between plaintiff and defendant, and because the amount in controversy exceeds $75,000.00.

---

[1] See Original Petition for Damages, ¶ 6.

[2] See Original Petition for Damages, ¶ 7.

[3] See Original Petition for Damages, ¶ 9.

[4] Plaintiffs request for attorney fees and penalties leaves no doubt the the jurisdictional amount is satisfied. *See Davis,* 2006 WL 1581272 (E.D. La. 6/7/06), (stating that Louisiana law allows recovery for attorney fees and penalties when an insurer has been arbitrary and capricious in denying a claim and noting that under such circumstances, "the court is to consider claims for these items when it assesses the amount in controversy"). *Citing, e.g, Poynot v. Hicks,* 2002 WL 31040174 at *See also Davis,* 2006 WL 1581272 (E.D. La. 6/7/06), (plaintiffs sought to enforce a policy entitling them to at least $68,000 in additional coverage and also asserted claims for attorney fees and penalties; this Court declared that penalties under La. R.S. 22:658 alone could increase the amount awarded to plaintiffs by $17,000 bringing the amount in controversy to $85,000 without considering whether plaintiffs might be able to show damages under La. R.S. 22:1220).

3

10.

Copies of all documents contained within the state court record and the citations that defendants have in their possession, but are not yet filed into the state court record, are attached as Exhibit "A" and Exhibit "B" to this removal notice.

11.

Plaintiffs will be given written notice of this Notice of Removal as required by 28 U.S.C. Section 1446(D).

**WHEREFORE,** defendant, Travelers Indemnity Company of Connecticut, requests that the above entitled action be removed to this Court, the United States District Court for the Eastern District of Louisiana, in accordance with the provisions of 28 U.S.C. Section 1441, *et seq.*

Respectfully submitted:

_____
**JOSEPH L. McREYNOLDS (7350)
JOSHUA G. KELLER (29288)
DEUTSCH, KERRIGAN & STILES
755 Magazine Street
New Orleans, LA 70130
Telephone: (504) 523-2111
Fax: (504) 566-1201
ATTORNEYS FOR TRAVELERS INDEMNITY COMPANY OF CONNECTICUT**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing **Notice of Removal** has been served by U.S. Mail, postage prepaid, on counsel listed below:

Rufus C. Harris, III, Esq. (#6638)
Alfred Rufty, III, Esq. (#19990)
Jill S. Willhoft, Esq. (#28990)
**Harris & Rufty, L.L.C.**
650 Poydras Street, Suite 2710
New Orleans, Louisiana 70130

this ___ day of November, 2007.

_____
Joshua G. Keller