# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

*******************************************

| | | |
|---|---|---|
| **ROBCO, INC.** | * | **CIVIL ACTION NO. 07-8404** |
| | * | |
| **VERSUS** | * | **JUDGE FELDMAN** |
| | * | |
| **THE TRAVELERS INDEMNITY COMPANY** | * | **MAGISTRATE SHUSHAN** |
| **OF CONNECTICUT** | * | |

*******************************************

## ANSWER

Defendant, Travelers Indemnity Company of Connecticut (hereinafter "Travelers"), who for answer to Plaintiff's Petition for Damages, avers as follows:

1.

Travelers denies the allegations in Paragraph One of the Petition for Damages for lack of sufficient information or knowledge to justify a belief therein, except to state that Travelers is a foreign insurance company authorized to do and doing business in the State of Louisiana. Further, any and all insurance policies issued by Travelers are written documents which contain many terms, conditions, limitations and exclusions of coverage. Said insurance policies are the best evidence of the coverage that they provide.

2.

Travelers denies the allegations in Paragraph Two of the Petition for Damages for lack of sufficient information, except to state that Hurricane Katrina made landfall in Louisiana on August 29, 2005, and caused damage in the Covington area. Upon information and belief, Plaintiff Robco,

Inc. sustained loss of income and damage to property located at 2705 Collins Boulevard, Covington, Louisiana (hereinafter "The Building") as a result of Hurricane Katrina.

3.

Travelers denies the allegations in Paragraph Three of the Petition for Damages, except to state that Travelers issued a Real Estate Owners policy of insurance ("The Policy"), bearing policy number Y-660-795X9383-TCT-04, and having a policy period from September 18, 2004, to September 18, 2005, to Plaintiff Robco, Inc. The Policy is a written document that contains many terms, conditions, limitations and exclusions of coverage. The Policy states and is the best evidence of the coverage that it provides. The Policy is pleaded herein as of copied *in extenso*, and any allegations in contradiction thereto are denied.

4.

Travelers denies the allegations in Paragraph Four of the Petition for Damages, except to state that The Policy states and is the best evidence of the coverage that it provides.

5.

Travelers denies the allegations in Paragraph Five of the Petition for Damages, except to state that The Policy states and is the best evidence of the coverage that it provides.

6.

Travelers denies the allegations in Paragraph Six of the Petition for Damages, except to admit that on March 30, 2006, Travelers paid Twenty-Seven Thousand Six Hundred and Forty-Five and 54/100 Dollars ($27,645.54) for the repair of roof damage on the buildings located at 2705 and 2707 Collins Boulevard Covington, Louisiana.

2

7.

Travelers denies the allegations in Paragraph Seven of the Petition for Damages for lack of

sufficient information or knowledge to justify a belief therein, except to state that on or about July

18, 2007, Travelers paid Two Hundred Two Thousand Seven Hundred Fifty-Three and 22/100

Dollars ($202,753.22) in complete and final settlement of all property claims related to the buildings

located at 2705 and 2707 Collins Boulevard Covington, Louisiana, including all claims for roof

repair and damage.

8.

Travelers denies the allegations in Paragraph Eight of the Petition for Damages.

9.

Travelers denies the allegations in Paragraph Nine of the Petition for Damages.

10.

The allegations in Paragraph Ten of the Petition for Damages do not require a response on

behalf of this Defendant; however, out of an abundance of caution and in the event a response is

deemed necessary, Travelers denies the allegations for lack of sufficient knowledge or information.

## AFFIRMATIVE DEFENSES

In further response to Plaintiff's Petition for Damages, Travelers avers as follows:

11.

Travelers pleads, as if copied *in extenso*, any policy of insurance issued to Plaintiff Robco,

Inc. which may provide coverage for the loss asserted in the Petition for Damages, including any and

all provisions, limitations, exclusions, and/or endorsements to said policy, which are the best

evidence of its contents.

3

12.

According to The Policy, when there is direct physical loss or damage to "Covered Property" as a result of a "Covered Cause of Loss," Travelers will not pay more for "Covered Property" on a replacement cost basis than the least of either 1) The Limit of Insurance applicable to the lost or damage property, or; 2) The cost to replace, on the same premises, the lost or damaged property with other property: a) Of comparable material and quality, and b) Used for the same purpose, or; 3) The amount you actually spend that is necessary to repair or replace the damaged property. Upon information and belief, on or about March 30, 2006, Travelers paid Twenty-Seven Thousand Six Hundred Fifty-Four and 54/100 Dollars ($27,645.54) to repair and replace with comparable material and quality the damaged metal roof on 2705 and 2707 Collins Boulevard Covington, Louisiana. On or about July 18, 2007, Travelers paid Two Hundred Two Thousand Seven Hundred Fifty-Three and 22/100 Dollars ($202,753.22) in complete and final settlement of all property claims related to the buildings located at 2705 and 2707 Collins Boulevard Covington, Louisiana, including all claims for roof repair and damage.

13.

Upon information and belief, any and all claims for property damage to the buildings located at 2705 and 2707 Collins Boulevard Covington, Louisiana, including all claims for roof repair and damage, have been paid in full.

14.

Plaintiff has failed to provide documentation needed to appropriately evaluate the alleged claim. To the extent that Plaintiff failed to provide sufficient proof of loss to Travelers, the Plaintiff's claim is premature, not covered or barred, or, alternatively, reduced or limited. Further, to the extent

4

that Plaintiff failed to provide sufficient proof of loss and documentation to appropriately evaluate its alleged claim, Plaintiff is in violation of the "Duties in the Event of a Loss" provision, and more specifically its duty to cooperate in the investigation of the alleged claim.

15.

According to The Policy, there is no coverage for direct physical loss or damage to property resulting from an excluded cause of loss or a cause of loss that is not a "Covered Cause of Loss" as defined in The Policy.

16.

To the extent coverage otherwise exists, any obligations of Travelers are limited by the "Other Insurance" provisions of The Policy.

17.

Travelers is entitled to a credit for any and all amounts of damages or payments made or tendered to Plaintiffs arising out of the alleged loss.

18.

Plaintiff has failed to provide documentation needed to appropriately evaluate the alleged claim for replacement of the repaired metal roof on The Building.

19.

At all times Travelers acted reasonably under the circumstances. Plaintiffs are not entitled to penalties, punitive damages and/or attorney fees.

20.

Plaintiff's claims under La. R.S. 22:658 and La. R.S. 22:1220 are prescribed.

21.

Travelers gives notice that it intends to rely on such other defenses as they become available by law or during discovery proceedings and reserve its right to amend its answer to assert such defenses.

**WHEREFORE**, Travelers, prays that this answer be deemed sufficient, and after due proceedings, there be judgment in its favor and against plaintiff, dismissing plaintiff's demands with prejudice and at their cost, and for all other legal and equitable relief to which Travelers is entitled.

**Respectfully submitted:**


**/s/ Joshua G. Keller**
**JOSEPH L. McREYNOLDS (T.A.)(#7350)**
**KERRIE T. BELSOME (#28246)**
**JOSHUA G. KELLER (#29288)**
**DEUTSCH, KERRIGAN & STILES, LLP**
**755 Magazine Street**
**New Orleans, LA 70130**
**Telephone: (504) 523-2111**
**Fax: (504) 566-1201**
**Email: jmcreynolds@dkslaw.com**
**ATTORNEYS FOR TRAVELERS INDEMNITY**
**COMPANY OF CONNECTICUT**

6

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing **Answer** has been served by

U.S. Mail, postage prepaid, on counsel listed below:

      Rufus C. Harris, III, Esq. (#6638)
      Alfred Rufty, III, Esq. (#19990)
      Jill S. Willhoft, Esq. (#28990)
      **Harris & Rufty, L.L.C.**
      650 Poydras Street, Suite 2710
      New Orleans, Louisiana 70130

           this 10th day of December, 2007.

                                  **/s/ Joshua G. Keller**
                                    **Joshua G. Keller**

7